IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FI'NESS EDWARD STOKES, #1562066 | § | |
| | § | |
| VS. | § | CIVIL ACTION NOS. 4:14cv405, |
| | § | 4:14cv406, 4:14cv408 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil actions were referred to United States Magistrate

Judge Christine A. Nowak, who issued an Amended  Report and Recommendation (Dkt. #31)

recommending the petitions for writ of habeas corpus be denied as time-barred and dismissed with

prejudice, to which Petitioner filed objections (Dkt. #32). The Court notes the initial Report and

Recommendation (Dkt. #10) issued by United States Magistrate Judge Don D. Bush also concluded

the petitions were time-barred. The Amended Report was issued to address a change in law holding

the prison mailbox rule applies to the filing of Texas post-conviction applications. New evidence

was required to resolve the statutory tolling issue. Therefore, Respondent obtained and submitted

prison mail logs showing the date Petitioner "filed" his state writs by placing them in the prison mail

system.  The ultimate findings and conclusions of both Reports are consistent with each other in that

both found Petitioner untimely filed his petitions and also failed to show he is entitled to equitable

tolling.

The Report of the Magistrate Judge (Dkt. #31), which contains proposed findings of fact and

recommendations for the disposition of such action, has been presented for consideration.  Having

made a *de novo* review of the objections (Dkt. #32), the Court concludes the findings and

conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit.

In his objections, Petitioner claims he timely filed his petitions. A review of the cases show Petitioner's underlying state convictions became final on August 16, 2011, ninety (90) days after the Texas Court of Criminal Appeals denied his motion for rehearing following its denial of petitions for discretionary review. Accordingly, the present federal petitions were due no later than August 16, 2012, in the absence of tolling. Petitioner does not object to the deadline of August 16, 2012.

In his petitions, Petitioner first falsely claims to have "filed" his state petitions with prison officials on April 8, 2012, in accordance with the prison mailbox rule (certified mail number 7011 2970 0001 5929 8227). Had this been true, the time during which the state petitions were pending with the Texas Court of Criminal Appeals would have tolled the limitations period. After Judge Bush issued the initial Report and Recommendation (Dkt. #10) in which he concluded the petitions were time-barred and that the appropriate limitations deadline was August 16, 2012, Petitioner then filed objections, claiming to have "filed" his state petitions, instead, on the same date as the stated deadline – August 16, 2012.

In response to Petitioner's claim that he "filed" his state petitions on August 16, 2012, Respondent obtained certified mail logs from the prison where Petitioner was confined at the time. Warden John P. Werner of the Texas Department of Criminal Justice (TDCJ), Hughes Unit in Gatesville, Texas, attested the prison mail logs submitted were created and maintained in the usual and regular course of business at TDCJ. The certified prison mail log reveals Petitioner "filed" his state petitions by delivering them to the prison mail system on August 17, 2012 (certified mail number 7011 2970 0001 5929 8227). Accordingly, Petitioner's state petitions are appropriately deemed "filed" on August 17, 2012, pursuant to the prison mailbox rule. *See Spotville v. Cain*, 149

F.3d 374, 377 (5th Cir. 1998) (prisoner's papers deemed "filed" when delivered to the prison mail system). The Supreme Court of the United States has noted that references to prison mail logs will generally be a straightforward inquiry, making "the date the *pro se* prisoner delivers the notice to prison authorities for mailing [] a bright-line rule, not an uncertain one." *Houston v. Lack*, 487 U.S. 266, 275 (1988). It further noted, prison authorities have "well-developed procedures" for recording the date they receive papers for mailing and can readily dispute a prisoner's assertions that he delivered the paper on a different date. *Id*.

The record shows Petitioner filed his state petitions one (1) day beyond the AEDPA limitations deadline; thus, the pendency of the state petitions do not serve to toll the deadline. Petitioner's federal petitions that were due no later than August 16, 2012, were untimely filed on June 9, 2014 – one (1) year, nine (9) months, and twenty-four (24) days beyond the limitations deadline.

Moreover, even if the Court assumed, *arguendo*, that Petitioner filed his state petitions on August 16, 2012, his federal petitions are still untimely. Based on the presumed argument that Petitioner's state petitions were pending between August 16, 2012, and June 4, 2014, the AEDPA limitations deadline would have been statutorily tolled for 657 days, resulting in a new limitations deadline of June 4, 2014. However, Petitioner filed his federal petitions on June 9, 2014, a date he does not contest. Thus, at the very least, Petitioner filed his federal petitions five (5) days too late.

Furthermore, Petitioner fails to show he is entitled to equitable tolling. The Supreme Court of the United States confirmed the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649).

As a general rule, equitable tolling has historically been limited to situations in which the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Young v. United States*, 535 U.S. 43, 50 (2002) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Fifth Circuit has held,  "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To obtain the benefit of equitable tolling, Petitioner must establish he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

In his objections, Petitioner claims his issues concerning trial counsel's ineffectiveness support the granting of equitable tolling. However, attorney error or neglect is not an extraordinary circumstance for purposes of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002); *Rashid v. Am. President Lines*, 969 F.3d 124, 128 (5th Cir. 1996) (a "garden variety claim of excusable neglect" does not support equitable tolling).

Additionally, Petitioner fails to show he could not have discovered the factual predicates of his claims through the exercise of due diligence until a later time. He presents no evidence that he was induced or tricked by his adversary's misconduct, which caused him to untimely file his petition. Petitioner makes no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. While he contends the Texas Court of Criminal Appeals

engaged in "trickery" by "withholding a ruling" on his state writs, he fails to make anything other than a conclusory allegation, which is not sufficient for relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989) (conclusory claims are insufficient to entitle a habeas corpus petitioner to relief); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). The Supreme Court has noted that prisoners unsure whether prior proceedings have been or will be timely filed may file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Petitioner fails to show that rare and extraordinary circumstances prevented him from timely filing.

In sum, Petitioner fails to show he timely filed his federal petitions or that he is entitled to equitable tolling. The Court hereby adopts the findings and conclusions of the Magistrate Judge (Dkt. #31) as the findings and conclusions of the Court. It is therefore

**ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further

**ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.
 **SIGNED this 19th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE